# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN R. VAZQUEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>E. CONANAN, et.al.,<br><br>　　　　　　Defendants. | Case No.: 1:19-cv-00045-DAD-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS TO AMEND<br><br>[ECF Nos. 31, 34] |

Plaintiff Juan R. Vazquez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first motion to amend, filed January 15, 2010, and Plaintiff's second motion to amend, filed February 5, 2020.

## I.

## RELEVANT BACKGROUND

This action is proceeding on Plaintiff's first amended complaint against Defendants E. Conanan, J. Silveira, G. Kamen, N. Siegrist, S. Hitchman and M. Vanblargen for deliberate indifference in violation of the Eighth Amendment.

On August 23, 2019, Defendants filed an answer to the complaint. (ECF No. 24.)

On August 27, 2019, the Court set a settlement conference for November 7, 2019. (ECF No. 25.)

1

On September 26, 2019, Defendants filed a notice to opt-out of the settlement conference. (ECF No. 26.) Therefore, on September 27, 2019, the Court vacated the settlement conference. (ECF No. 27.)

On October 1, 2019, the Court issued the discovery and scheduling order. (ECF No. 28.)

On January 15, 2020, Plaintiff filed his first motion to amend. (ECF No. 31.) Defendants filed an opposition on January 30, 2020, and Plaintiff filed a reply on February 10, 2020. (ECF Nos. 32, 36.) As an initial matter, the Court notes that Plaintiff's filing is a letter addressed to the Clerk of the Court which provides notice and a copy of a letter sent to defense counsel requesting permission to amend his pleadings. (ECF No. 31.) Plaintiff states he "just found out" that he should have submitted to the Court a copy of the letter addressed to defense counsel. (Id.) Given Plaintiff's pro se status, the Court construes Plaintiff's letter as a motion to amend the complaint under Federal Rule of Civil Procedure 15.

On February 5, 2020, Plaintiff filed a second motion to amend the complaint, along with a copy of the proposed amended complaint which was lodged. (ECF Nos. 34, 35.) Defendants filed an opposition on February 4, 2020. (ECF No. 37.) Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment:

2

1 (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

### A. Plaintiff's First Motion to Amend

Here, Plaintiff has neither attached nor lodged an amended complaint "complete in itself" without reference to the superseded pleadings. (ECF No. 31.) Rather, Plaintiff has submitted a request to amend which includes excerpts of language that Plaintiff wants to substitute, along with citations to the original complaint. (Id. at pp. 2-3.) Accordingly, Plaintiff seeks to amend the complaint through a process of cross-referenced line-specific additions and deletions—which does not comply with Local Rule 220. Furthermore, Plaintiff's first motion to amend is moot in light of the filing of the second motion.

### B. Plaintiff's Second Motion to Amend

In his second motion to amend, filed on February 5, 2020, Plaintiff seeks to file a second amended complaint because he "inadvertently" omitted certain allegations from the operative complaint due to his negligence. (Mot. at 1, ECF No. 34.) Defendants oppose Plaintiff's motion to amend. (ECF No. 37.) The Court will address each ground for amendment below.

#### 1. Allegations as to Dismissed Defendant Mathos

Plaintiff states that he "wishes to keep former Defendant Nurse Practitioner Mathos actions & opinions as they are essential to my claim." (Mot. at 1, ECF No. 34.) However, Plaintiff's factual allegations relating to Defendant Mathos in the proposed second amended complaint are identical to the factual allegations presented in the first amended complaint-which did not give rise to a claim for deliberate indifference. (Compare ECF No. 35 at 9-11 with ECF No. 13 at 10-11.) Therefore, the proposed amended complaint does not cure the deficiencies with regard to Defendant Mathos and amended is therefore futile. Plaintiff's conclusory contention that Defendant Mathos actions and opinions are essential to his claim also do not give rise to a claim for deliberate indifference.

Accordingly, Plaintiff's motion to amend to add Defendant Mathos back in this action shall be denied.[1]

### 2. Request for Declaratory Relief

In the relief portion of the proposed second amended complaint, Plaintiff re-asserts his request for declaratory judgment. (ECF No. 35, at 6.) As the Court stated in its March 7, 2019 screening order, "[i]n the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated." (ECF No. 14 at 6.) For this same reason, Plaintiff's motion to amend the complaint to add a request for declaratory relief is futile and shall be denied.

### 3. Allegations Against Defendant Kamen

Plaintiff seeks to elaborate on his factual allegations against Defendant Kamen. Plaintiff seeks to elaborate on the portion of the first amended complaint regarding Plaintiff's contact with Defendant Kamen on October 20, 2015, to support his claim that he acted with deliberate indifference. There is no indication that Plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Nor is there any suggestion that allowing Plaintiff to file a second amended complaint would cause defendants any undue prejudice. Accordingly, Plaintiff's motion for leave to file a second amended complaint shall be granted as to Defendant Kamen.

### 4. Demand for Damages

Lastly, Plaintiff seeks to amend his requests for compensatory and punitive damages of $500,000 as to each Defendant. (Compare ECF No. 35 at 6 with ECF No. 13 at 6.) As with Plaintiff's claim against Defendant Kamen, there is no indication that Plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Nor is there any suggestion that allowing Plaintiff to file a second amended complaint would cause defendants any undue prejudice. Accordingly, Plaintiff's motion for leave to file a second amended complaint shall be granted as to his demand for damages.

---

[1] To this end, the Court notes that Plaintiff voluntarily consented to the dismissal of Defendant Mathos by stating he did not intend to further amend and was willing to dismiss Mathos for failure to state a cognizable claim. (ECF No. 15.)

## III.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend filed on January 15, 2020 (ECF No. 31) is denied as rendered MOOT by the filing of the subsequent motion to amend on February 2, 2020;

2. Plaintiff's second motion to amend filed on February 5, 2020 (ECF No. 34) is denied as to Plaintiff's request to amend to add Defendant Mathos and a request for declaratory relief;

3. Plaintiff's second motion to amend filed on February 5, 2020 (ECF No. 34) is granted with regard to Defendant Kamen and his request for damages;

4. The Clerk of Court is directed to send Plaintiff a blank amended civil rights complaint form;

5. Within **thirty (30)** days from the date of service of this order, Plaintiff may file a second amended complaint limited to the factual allegations against Defendant Kamen and request for damages as set forth in the proposed amended complaint lodged on February 5, 2020 (ECF No. 35). Plaintiff is cautioned that his second amended complaint must be complete by itself without reference to his prior pleading; and

6. If the second amended complaints contains new claims or demands for relief not authorized by this order, the complaint will be stricken from the record and the action will proceed on Plaintiff's first amended complaint, filed on February 19, 2019 (ECF No. 13.)

IT IS SO ORDERED.

Dated: **April 20, 2020**

UNITED STATES MAGISTRATE JUDGE